**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHRISTOPHER F. SHERIDAN,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:23-cv-01116-JRR |
| **DEB HAALAND,** *et al.*, | |
| *Defendants*. | |

<u>**MEMORANDUM OPINION**</u>

*Pro Se* Plaintiff Christopher Sheridan brings this action against Defendants Deb Haaland, Secretary of the Interior, John Hoffman, and Duane Newton. Pending now before the court are two motions: Defendants' Motion to Dismiss, or in the Alternative, Motion for Partial Summary Judgment (ECF No. 12; "Defendants' Motion"), and Plaintiff's Motion for Leave to File a Surreply (ECF No. 18; "Plaintiff's Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Defendants' Motion, construed as a motion to dismiss, and Plaintiff's Motion will both be granted.

## I.    BACKGROUND[1]

Plaintiff, a disabled veteran, was previously employed as an Administrative Officer with the U.S. Geological Survey (USGS), an arm of the U.S. Department of the Interior. (ECF No. 1 at p. 6.) During his employment, Plaintiff informed Defendant Hoffmann during "staff conferences" that "it was inadvisable" to send individual employees to "hostile territory alone." *Id.* Thereafter, an employee, Dr. Chiu, was on duty in one such territory when she suffered an aneurism. *Id.* Defendant Hoffman then "solicited leave from other employees to avoid reporting"

---

[1] For purposes of resolving the pending motions, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Dr. Chiu's "near death." *Id.* Defendant Hoffman also did not inform Plaintiff of the incident involving Dr. Chiu for three weeks, stating that Plaintiff "was not being retained." *Id.* Relatedly, Defendant Hoffman "published [a] Government Form to USGS Human Resources," which stated that Plaintiff had not sought permission to record a meeting, despite Plaintiff having received permission from Regional Administrative Officer Dianna Jarvis to do so. *Id.* Based on the form, Human Resources determined Plaintiff would be dismissed from his employment; Plaintiff was not given 30-days' notice of non-retention or a performance improvement plan. *Id.* "Plaintiff was dismissed to cover up Defendant's illegal behavior" – specifically, the rationale was pretext "to cover up the handling of the near fatal incident." *Id.* Defendant Newton then "intentionally with[h]eld authorization of [Plaintiff's] unemployment benefits," causing him to suffer "severe emotional distress and migraines." *Id.*

Plaintiff filed the present action in this court on April 26, 2023. (ECF No. 1; the "Complaint"). Plaintiff asserts the following claims:

> Count I: Violation of the Americans with Disabilities Act ("ADA");
> Count II: Violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)(A);
> Count III: Violation of the False Statements Accountability Act, 18 U.S.C. § 1001;
> Count IV: Defamation;
> Count V: Violation of 5 U.S.C. § 4303(b)(1)(A);
> Count VI: Violation of 18 U.S.C. § 471; and
> Count VII: Intentional Infliction of Emotional Distress.

(ECF No. 1 at p. 6.) Defendants move to dismiss the Complaint, which Plaintiff opposes. (ECF Nos. 12, 16.) After Defendants filed their reply, Plaintiff filed his motion for leave to file a surreply to address Defendants' arguments related to administrative exhaustion; Defendants oppose Plaintiff's request. (ECF Nos. 18, 19.)

## II.   **LEGAL STANDARDS**

Defendants move to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1), 12(b)(6), and 9(b).  Solely in the alternative, they move for partial summary judgment as to Counts I, IV, V, and VII should the court decline to dismiss Plaintiff's claims.  "A motion with this caption implicates the court's discretion under Fed. R. Civ. P. 12(d)."  *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022).  Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or [12(b)(6)], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion."  *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 WL 5335477, at *3 (D. Md. Sept. 22, 2016) (citations omitted).  "There are two requirements for a proper Rule 12(d) conversion."  *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013).  "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'"  *Snyder,* 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)).  Second, the parties must first "be afforded a reasonable opportunity for discovery."  *Gay*, 761 F.2d at 177.

As an initial matter, because the court will dismiss Plaintiff's Complaint for reasons set forth herein, Defendants' alternative argument for partial summary judgment is rendered moot. Regardless, the court notes that the case is in its infancy, and there has been no discovery.  Where, as here, the court need not consider matters outside the pleadings to rule on Defendants' Motion,

the court declines to convert Defendants' Motion, and will therefore evaluate it as one to dismiss per Rules 12(b)(1) and 12(b)(6).

### A.  Federal Rule of Civil Procedure 12(b)(1)

Defendants challenge the court's subject matter jurisdiction, asserting that, to the extent the court construes Plaintiff's tort claims (Counts IV and VII) under the Federal Tort Claims Act ("FTCA"), it does not have jurisdiction.

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019).  Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge.  *Id.*  A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.*  A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Id.* (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration.")).  "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*  Here, Defendant's assert a facial subject matter jurisdiction challenge. [2]

---

[2] Defendants attach a declaration from Rebecca Pock to their Motion "out of an abundance of caution," in support of a factual challenge to the court's subject matter jurisdiction.  (ECF No. 12-1 at p. 25.)  Because the court determines that Plaintiff's tort claims, seemingly under the FTCA, are preempted by the Civil Service Reform Act of 1978, it need not consider Defendants' factual challenge.

**B. Federal Rule of Civil Procedure 12(b)(6)**

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

Relevant here, "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

### C. Federal Rule of Civil Procedure 9(b)

Defendants also seek dismissal of Count II on the basis of Rule 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b); *see Iqbal*, 556 U.S. at 686 ("Rule 9(b) requires particularity when pleading 'fraud or mistake,' while allowing 'malice, intent, knowledge, and other conditions of a person's mind to be alleged generally.'"); *Layani v. Ouazana*, No. CV ELH-20-420, 2021 WL 805405, at *23 (D. Md. Mar. 3, 2021) ("Claims that sound in fraud, whether rooted in common law or arising under a statute, implicate the heightened pleading standard of Rule 9(b)."). "These circumstances are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999)). They are often "referred to as the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation omitted). "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that plaintiff has substantial

prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

## III.    ANALYSIS

### A. Motion for Leave to File Surreply

Although filed after Defendants' Motion, the court first considers whether to grant Plaintiff's Motion.  Plaintiff seeks leave to file a surreply in order to respond to Defendants' arguments regarding administrative exhaustion.  (ECF No. 18.)  Defendants oppose Plaintiff's Motion, arguing that Plaintiff has not identified any new argument raised in their reply to warrant a surreply.  (ECF No. 19 at p. 2.)

Though surreplies are generally not permitted, the decision to permit a party to file a surreply is within the court's discretion.  *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom.*, 778 F.3d 463 (4th Cir. 2015).  *See* Local Rule 105.2(a) (D. Md. 2023) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.").  "This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs."  *Boland v. Amazon.com Sales, Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. 2022) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)).  *See Freeman*, 961 F. Supp. 2d at 801 ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.") (citing *Khoury,* 268 F.Supp.2d at 605 (D. Md. 2003)).  This court has, however, "used this discretion to permit self-represented parties to file surreplies even where no new matters were raised in the reply brief." *Trainor v. McGettigan*, No. CV GLR-22-1505, 2023 WL 403621, at *2 (D. Md. Jan. 25, 2023). *See Carroll v. Porter*, No. CV GLR-23-02960, 2024 WL 3275482, at *4 (D. Md. July 2, 2024)

(same); *Boland*, 628 F. Supp. 3d at 599 (same); *Wommack v. Ceres Terminals, Inc.*, No. CV JKB-19-1720, 2019 WL 4393136, at *2 (D. Md. Sept. 13, 2019) (same).   Importantly, this court has permitted surreplies where a *pro se* plaintiff's surreply did not "unduly prejudice" defendants (including, *e.g.,* where the proposed surreply does not change the outcome of court's decision). *Williams v. Bartee*, No. CIV.A. CCB-10-935, 2011 WL 2842367, at *2 (D. Md. July 14, 2011), *aff'd sub nom. Williams v. Merritt*, 469 F. App'x 270 (4th Cir. 2012).

Even no new arguments or evidence were raised in Defendants' reply, in view of Plaintiff's self-represented status and the accompanying liberal construction afforded to him, the court will grant Plaintiff leave to file his surreply. *See id.* ("Self-represented complaints and petitions are held to a less stringent standard than those drafted by attorneys.  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.") (citations omitted).  Moreover, because Plaintiff's surreply does not change this court's analysis, Defendants' suffer no prejudice.

### B.  Count I: Violation of the ADA

Plaintiff's Count I alleges that he is a "Disabled Veteran who was maligned and defamed and that defamation was used as pretext to not retain him as an employee" of the USGS.  (ECF No. 1 at p. 6.)  Defendants seek dismissal of Count I because Plaintiff failed to exhaust his administrative remedies as required by the Rehabilitation Act of 1973, and, even had he exhausted his remedies, he fails to state a claim.  (ECF No. 12-1 at p. 14–19.)  Defendants address Plaintiff's Count I as if it were a claim under the Rehabilitation Act because he cannot sustain a claim under the ADA.  *Id.* at p. 1.  As best the court can discern, Plaintiff neglects to respond to this argument other than to assert generally that he has pled a "plausible claim for relief."  (ECF No. 16 at p. 4.)

The federal government is excluded from ADA coverage.  42 U.S.C. § 12111(5)(B)(i).  As such, a plaintiff "cannot bring an ADA [claim] directly against" a federal agency.  *Sillah v. Burwell*, 244 F. Supp. 3d 499, 513 n.12 (D. Md. 2017).  "The Rehabilitation Act 'is the exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination.'" *Sillah v. Burwell*, 244 F. Supp. 3d 499, 513 n.12 (D. Md. 2017) (quoting *Brown v. Henderson*, 6 F. App'x. 155, 156 (4th Cir. 2001)).  *See Berkner v. Blank*, No. CIV.A. DKC 12-1390, 2013 WL 951562, at *8 (D. Md. Mar. 11, 2013), *aff'd sub nom. Berkner v. Pritzker*, 561 F. App'x 279 (4th Cir. 2014) (same); *See Doyle v. McDonough*, No. CV ELH-20-3478, 2021 WL 4846938, at *16 (D. Md. Oct. 15, 2021) (same); *Gatling v. Carter*, No. CV PX 15-3723, 2017 WL 480756, at *6 (D. Md. Feb. 6, 2017) (same).

The Court appreciates Defendants' caution to include briefing on the Rehabilitation Act in support of their Motion, especially considering Plaintiff's status as a self-represented litigant.  That notwithstanding, the court declines to construe Plaintiff's Count I to assert a claim under the Rehabilitation Act.  Plaintiff plainly identified the ADA as the basis for Count I.  And, while he may not amend the Complaint in responding to Defendants' Motion, he sets forth no response whatsoever to Defendants' Rehabilitation Act arguments in his opposition.  (ECF No. 16.)  Perhaps even more demonstrative, Plaintiff continues to assert in his surreply that his discrimination claim is asserted under the ADA.  (ECF No. 18-1 at p. 4.)  While *pro se* pleadings are afforded liberal construction, to read the Complaint to include a Rehabilitation Act claim—which is to say in a manner Plaintiff fails to contend he asserts (despite several responsive filings) and which runs contrary to a plain reading or construction of the pleading—extends inappropriately beyond liberal construction of *pro se* pleadings and calls upon the court to infer facts and arguments not alleged or made.  "[A] federal court may not act as an advocate for a self-represented litigant." *Hampel v.*

*Skillman*, No. CV SAG-22-1115, 2023 WL 113745, at *1 (D. Md. Jan. 5, 2023), *appeal dismissed*

*sub nom. Hampel v. Maryland*, No. 23-1436, 2024 WL 399062 (4th Cir. Feb. 2, 2024) (citing

*Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996) and *Weller v. Dep't of Soc. Servs.*, 901

F.2d 387, 391 (4th Cir. 1990)).[3]

Plaintiff's ADA claim is barred as a matter of law; thus he fails to state a claim upon which

relief may be granted as to Count I.[4]

### C. Count II: Violation of the FCA

Plaintiff's Count II alleges that Defendant Hoffmann "solicited leave from other employees

to avoid reporting the near death" of Dr. Chiu.  (ECF No. 1 at p. 6.)  Defendants assert that Count

II should be dismissed because Plaintiff has failed to allege a plausible claim of violation of the

FCA, especially considering the Rule 9(b) particularity requirement.  (ECF No. 12-1 at p. 19–21.)

Again, as best the court can discern, Plaintiff did not respond to this argument in his response,

other than to assert generally that he has pled a "plausible claim for relief."  (ECF No. 16 at p. 4.)

The FCA "imposes liability on 'any person' who 'knowingly presents, or causes to be

presented, a false or fraudulent claim for payment or approval' or who 'knowingly makes, uses, or

causes to be made or used, a false record or statement material to a false or fraudulent claim.'"

*United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 188 (4th Cir. 2022) (quoting 31 U.S.C. §

3729(a)(1)(A), (B)).  A party asserting an FCA claim is "required to allege four elements: (1) 'there

---

[3] This court has repeatedly dismissed ADA claims brought by a *pro se* plaintiff against a federal agency for failure to state a claim.  *See, e.g.*, *Doyle*, 2021 WL 4846938, at *16 (dismissing Plaintiff's ADA claim because she failed to state a claim, and analyzing her separately asserted Rehabilitation Act claim); *Gatling*, 2017 WL 480756, at *6 (explaining that the plaintiff could not, "as a matter of law," pursue her ADA claim, and separately analyzing her Rehabilitation Act claim).

[4] Even if the court were to consider Plaintiff's claim explicitly titled "violation of the ADA" as a Rehabilitation Act claim, Plaintiff's claim would still fail, because he alleges neither any connection whatsoever between his disability and the adverse action he experienced nor any protected activity in which he engaged.  *See Hannah P. v. Coats*, 916 F.3d 327, 336 (4th Cir. 2019) (stating the elements of a disability discrimination claim under the Rehabilitation Act); *Smith v. CSRA*, 12 F.4th 396, 416 (4th Cir. 2021) (stating the elements of a retaliation claim under the Rehabilitation Act).

was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite

scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit

moneys due (i.e., that involved a claim).'" *Id.* (quoting *Harrison v. Westinghouse Savannah River

Co.*, 176 F.3d 776, 788 (4th Cir. 1999)).  "Failure to adequately allege any of these elements dooms

a claim." *Id.*

An actionable false statement under the FCA "must be made as part of a false or fraudulent

claim." *United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 196 (4th Cir. 2018).  A

"claim" refers to, in relevant part, "any request or demand . . . for money or property and whether

or not the United States has title to the money or property, that . . . is presented to an officer,

employee, or agent of the United States."  31 U.S.C. § 3729(b)(2)(A)(i).  "Therefore, a central

question in all FCA cases is whether the defendant ever presented a false or fraudulent claim to

the government, resulting in a 'call upon the government fisc.'" *United States ex rel. Grant*, 912

F.3d at 196 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 786 (4th Cir.

1999)).  Thus, "the FCA requires a relator to allege that false claims were, in fact, submitted to the

government for payment." *United States ex rel. Fitzer v. Allergan, Inc.*, No. 1:17-CV-00668-SAG,

2022 WL 846211, at *6 (D. Md. Mar. 22, 2022), *amended on denial of reconsideration,* No. 1:17-

CV-00668-SAG, 2022 WL 1567645 (D. Md. May 18, 2022); *see U.S. ex rel. Brooks v. Lockheed

Martin Corp.*, 423 F. Supp. 2d 522, 526 (D. Md. 2006), *aff'd in part, dismissed in part,* 237 F.

App'x 802 (4th Cir. 2007) ("A relator cannot prevail in an FCA *qui tam* action unless his complaint

alleges that the defendant presented a false or fraudulent claim to the government.").  "Liability is

based upon the creation or presentation of false claims to the government." *U.S. ex rel. Brooks*,

423 F. Supp. 2d at 526.

Courts "adhere[] firmly to the strictures of Rule 9(b) in applying its terms to cases brought under the [FCA]." *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 456 (4th Cir. 2013). "To satisfy Rule 9(b), a plaintiff asserting a claim under the [FCA] 'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* at 455–56 (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)). "Rule 9(b) does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government"; instead, "some indicia of reliability must be provided in the complaint to support the allegation that an actual false claim was presented to the government." *Id.* at 456–57 (citation omitted). "[W]ithout such plausible allegations of presentment, a relator not only fails to meet the particularity requirement of Rule 9(b), but also does not satisfy the general plausibility standard of *Iqbal*." *Id.* at 457.

Relevant here, an FCA brought under 31 U.S.C. § 3729(a)(1)(A) is referred to as a "presentment claim." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 193 (4th Cir. 2022). "Roughly speaking, a presentment claim alleges that a defendant knowingly submitted a false claim to the government themselves." *Id.* The Fourth Circuit's discussion of presentment claims in *United States ex rel. Taylor* is instructive:

> There are two ways to adequately plead presentment under Rule 9(b). First, a plaintiff can allege with particularity that specific false claims actually were presented to the government for payment. This requires the relator to, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Second, a relator can allege a pattern of conduct that would

*necessarily* have led to submission of false claims to the government for payment.

Under the first option for pleading presentment—pleading with particularity that specific false claims actually were presented to the Government for payment—Taylor alleges no facts about other patients and false invoices at all, much less about the time, place, and contents of the false representations, . . . the identity of the person making the misrepresentation[,] [or] what he obtained thereby."

That leaves the second option—alleging a pattern of conduct that would *necessarily* have led to submission of false claims to the government for payment.  Again, Taylor does not meet that burden here.   To be sure, her amended complaint does allege that BestPractices of West Virginia, acting through Dr. Kitchen, directed Dr. Perni and other emergency medicine physicians at Camden-Clark Medical Center to sign the medical charts for patients seen only by mid-level providers, to obtain payments at a higher reimbursement rate than was otherwise lawful and/or warranted. But an allegation that the company *directed* doctors to sign something for a fraudulent purpose is not the same thing as an allegation that false claims were actually *submitted*.  And Taylor has failed to connect the dots between Dr. Kitchen's direction and the eventual government payment.

*United States ex rel. Taylor*, 39 F.4th at 196 (emphasis in original) (citations omitted).

Here, Plaintiff's FCA allegations are plainly insufficient.  Most importantly, he does not

allege with particularity (or at all) that false claims were presented to the Government for payment,

or a pattern of conduct that would necessarily have led to submission of false claims to the

Government.  *See id.*  This, alone, is fatal to his FCA claim,  *see United States ex rel. Fitzer*, 2022

WL 846211, at *6, *supra*, as Plaintiff fails to allege that any purportedly false statement or conduct

by Defendant Hoffmann "caused the government to pay out money or to forfeit moneys due."[5]

*See United States ex rel. Taylor*, 39 F.4th at 188, *supra*.  For the aforementioned reasons, Plaintiff

fails to state a claim of an FCA violation; therefore, Count II will be dismissed.

---

[5] Due to Plaintiff's failure to allege facts supporting an inference of presentment pursuant to his FCA presentment claim, the court need not reach Defendants' brief materiality argument.

**D.  Counts III and VI: Violations of Criminal Statutes**

Plaintiff also asserts violations of two criminal statutes: the False Statements Accountability Act, 18 U.S.C. § 1001 (Count III), and 18 U.S.C. § 471 (Count VI).  Defendants urge that both counts should be dismissed because these criminal statutes do not create a private right of action for Plaintiff.  (ECF No. 12-1 at p. 21–22.)  Again, as best the court can discern, Plaintiff did not respond to this argument in his response, other than to assert generally that he has pled a "plausible claim for relief."  (ECF No. 16 at p. 4.)

"[C]riminal statutes do not ordinarily create individual rights."  *Doe v. Broderick*, 225 F.3d 440, 448 (4th Cir. 2000).  "The Supreme Court has made clear that 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'"  *Lewis-Davis v. Bd. of Educ. of Baltimore Cnty.*, No. CV ELH-20-0423, 2021 WL 4772918, at *20 (D. Md. Oct. 13, 2021) (quoting *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979)).  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . , a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  "Federal rights of action, like substantive federal law, 'must be created by Congress.'"  *Lewis-Davis*, 2021 WL 4772918, at *20 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)).  "To create a private right of action, Congress must speak[ ] with a clear voice, and the statute must unambiguously express the intent to create not just a private *right* but also a private *remedy*."  *Clear Sky Car Wash LLC v. City of Chesapeake, Va.*, 743 F.3d 438, 444 (4th Cir. 2014) (emphasis in original) (citations omitted).  "Where Congress is silent or ambiguous, courts may not find a cause of action 'no matter how desirable that might be as a policy matter.'  This holds true for federal criminal statutes."  *Lewis-Davis*, 2021 WL 4772918, at *20

(citing *Planned Parenthood S. Atlantic v. Baker*, 941 F.3d 687, 695 (4th Cir. 2019) and *Broderick*, 225 F.3d at 448).

With respect to 18 U.S.C. § 1001, the False Statements Accountability Act "criminalizes false statements and similar misconduct occurring 'in any manner within the jurisdiction of any department or agency of the United States.'" *Mackall v. United States Dep't of Def.*, No. CV RDB-17-0774, 2017 WL 5564665, at *6 (D. Md. Nov. 20, 2017), *aff'd,* 721 F. App'x 303 (4th Cir. 2018) (quoting 18 U.S.C. § 1001). *See Wimbish v. Fedder & Garten*, No. GJH-18-3558, 2020 WL 406935, at *7 (D. Md. Jan. 24, 2020) (same).  "It does not . . . create a private cause of action." *Mackall*, 2017 WL 5564665, at *6 (citation omitted).  *See Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987) (agreeing with the defendants' contention that there was "no basis for implying a civil cause of action" from, *inter alia*, 18 U.S.C. § 1001); *Rahmani v. Dull*, No. 1:23-CV-00373, 2023 WL 6193022, at *2 (E.D. Va. June 29, 2023) ("[T]he Fourth Circuit Court of Appeals held that 18 U.S.C. § 1001 does not confer a civil cause of action.").  Plaintiff's civil claim brought under the False Statements Accountability Act is therefore barred as a matter of law and will be dismissed.

Turning to 18 U.S.C. § 471, the statute provides that "[w]hoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both."  18 U.S.C. § 471. The statutory text of 18 U.S.C. § 471 does not provide for a private right of action.  *See Theus v. Selene Fin. LLC*, 98 F. Supp. 3d 22, 27 (D.D.C. 2015) (finding that 18 U.S.C. § 471 "do[es] not include a private right of action"); *Theus v. Ally Fin., Inc.*, 98 F. Supp. 3d 41, 46 (D.D.C. 2015) (same); *Allen v. FMR LLC*, No. CV-23-00031-PHX-SMM, 2023 WL 142903, at *2 (D. Ariz. Jan. 10, 2023) (same); *Barnaby v. Michigan State Gov't.*, No. 1:22-CV-1146, 2022 WL 19005214, at

*4 (W.D. Mich. Dec. 14, 2022), *report and recommendation adopted sub nom.*, No. 1:22-CV-1146, 2023 WL 1960630 (W.D. Mich. Feb. 13, 2023), *aff'd in part, vacated in part on other grounds, remanded sub nom.*, No. 23-1134, 2023 WL 8060793 (6th Cir. Nov. 17, 2023) (same); *Pellecier v. Marti*, No. 21-CV-4287 (BMC), 2022 WL 2669928, at *2 (E.D.N.Y. July 11, 2022) (same); *Malcom v. Colonial Life & Accident Co.*, No. 21-11514, 2022 WL 468949, at *2 (E.D. Mich. Feb. 15, 2022) (same); *Kloth-Zanard v. Bank of Am.*, No. 3:15-CV-1208 (MPS), 2017 WL 4429694, at *4 (D. Conn. Oct. 5, 2017) (same). *Cf. Clear Sky Car Wash LLC*, 743 F.3d at 444, *supra*. There is no basis for this court to conclude that Congress intended a private right of action under this criminal statue. Plaintiff's claim will therefore be dismissed.[6]

### E. Counts IV, V, and VII: Violation of 5 U.S.C. § 4303(b)(1)(A) and Common Law Tort Claims

Finally, Plaintiff asserts three violations—Count IV, V, and VII, that invoke the Civil Service Reform Act of 1978 ("CSRA"). Defendants argue that Count V should be dismissed because Plaintiff is not an employee entitled to the rights afforded under the statute, and that Counts IV and VII should be dismissed because the CSRA preempts any claim brought under the FTCA. (ECF No. 12-2 at p. 22–26.) Defendants argue in the alternative that, should the court conclude that the CSRA does not preempt Plaintiff's FTCA claims, the court lacks jurisdiction because Plaintiff failed to file an administrative claim. *Id.* at p. 24–26. Beyond generally asserting that he has asserted a plausible claim for relief, Plaintiff appears to respond to this argument in his surreply by averring that he "filed a[n MSPB] claim."[7] (ECF No. 18-1 at p. 3.)

---

[6] Even were the court to read a private right of action into 18 U.S.C. § 471, Plaintiff's claim would still fail for failure to allege facts that the law was violated (*e.g.*, that Defendant Hoffmann "with intent to defraud," falsely made, forged, counterfeited, or altered "any obligation or other security of the United States.") 18 U.S.C. § 471.

[7] Plaintiff asserts further that the court has diversity jurisdiction over this matter, which fails to address the argument actually raised. (ECF No. 16 at p. 3–4.)

"The CSRA 'establishes a framework for evaluating personnel actions taken against federal employees.'" *Zachariasiewicz v. U.S. Dep't of Just.*, 48 F.4th 237, 242 (4th Cir. 2022) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). It "'comprehensively overhauled the civil service system,' creating an elaborate 'new framework for evaluating adverse personnel actions against [federal employees].'" *United States v. Fausto*, 484 U.S. 439, 443 (1988) (quoting *Lindahl v. OPM,* 470 U.S. 768, 773 (1985)). *See Strickland v. United States*, 32 F.4th 311, 374 (4th Cir. 2022) (same). "'[T]o balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration,' the CSRA creates 'an integrated scheme of administrative and judicial review' for adverse employment actions." *Strickland*, 32 F.4th at 374 (quoting *Dotson v. Griesa*, 398 F.3d 156, 163 (2d Cir. 2005)). It thus "prescribes in great detail the protections and remedies applicable to such action[s], including the availability of administrative and judicial review." *Zachariasiewicz*, 48 F.4th at 242 (quoting *Fausto*, 484 U.S. at 443).

With regard to an employee's appeal of personnel actions:

> Pursuant to the CSRA, an employee may appeal a "major personnel action[ ], such as termination," directly to the [Merit Systems Protection Board ("MSPB")], and if he "does not prevail before the MSPB, [he] may seek judicial review in the Federal Circuit." *Fleming v. Spencer*, 718 F. App'x 185, 186 (4th Cir. 2018) (per curiam) (first citing 5 U.S.C. § 7513(d); and then citing 5 U.S.C. § 7703). To challenge other, "[l]ess serious" personnel actions that violate certain "prohibited personnel practices," the employee must first file a complaint in the [Office of Special Counsel ("OSC")] before proceeding to the MSPB. *Id.*; *see* 5 U.S.C. § 1214(a)(3). He may then seek judicial review of the MSPB's decision in the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A). But "[i]f the OSC decides not to pursue the complaint, the CSRA does not provide for any further administrative or judicial review." *Fleming*, 718 F. App'x at 187 . . . .

17

By contrast, when a federal employee alleges unlawful discrimination prohibited by another federal statute aside from the CSRA -- such as race or sex discrimination in violation of Title VII -- he must first file a complaint with the agency by which he is employed. *Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006) (en banc) (citing 29 C.F.R. § 1614.106). If the agency's decision is unfavorable, the employee has two options: he may appeal the decision to the Equal Employment Opportunity Commission ("EEOC"), then seek judicial review of an unfavorable decision by the EEOC in federal district court, or he may forgo the appeal to the EEOC and file suit in federal district court. *Id.* at 416 & n.9.

The CSRA permits an employee who "has been affected by an action which [he] may appeal to the [MSPB]" and alleges that unlawful discrimination was a basis for that action to bypass the agency review process and proceed before the MSPB instead. 5 U.S.C. § 7702(a); *see Kloeckner*, 568 U.S. at 45, 133 S. Ct. 596. A claim that meets these criteria is known as a "mixed case." *Perry v. Merit Sys. Prot. Bd.*, —— U.S. ——, 137 S. Ct. 1975, 1980, 198 L.Ed.2d 527 (2017) (first quoting *Kloeckner*, 568 U.S. at 44, 133 S. Ct. 596; and then citing 29 U.S.C. § 1614.302(a)(2)). If the MSPB denies relief in a mixed case, the employee may seek judicial review of the MSPB's decision in federal district court. *Kloeckner*, 568 U.S. at 50, 133 S. Ct. 596; *see* 5 U.S.C. § 7703(b)(2).

*Id.*, 48 F.4th at 242–43 (4th Cir. 2022); *see Kloeckner*, 568 U.S. at 44 ("When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a "mixed case.").

"[T]he CSRA constitutes the exclusive remedy for claims arising out of federal employment," *see Hall v. Clinton*, 235 F.3d 202, 203 (4th Cir. 2000), "even if relief may be available under other statutes." *Eastridge v. Brost*, No. CV TDC-18-3770, 2019 WL 2124895, at *2 (D. Md. May 15, 2019). Relevant here, courts have concluded that the CSRA precludes a plaintiff's claims challenging federal employment decisions brought under the FTCA. *McManus v. U.S. Immigr. & Customs Enf't*, No. 122CV00345MSNIDD, 2023 WL 3127630, at *3 (E.D. Va.

Apr. 27, 2023).  *See Eastridge*, 2019 WL 2124895, at *2 ("Under this preemption rule, FTCA claims that challenge federal employment decisions are barred."); *Kennedy v. United States*, No. CIV. CCB-14-914, 2014 WL 3700350, at *2 (D. Md. July 23, 2014), *aff'd as modified,* 588 F. App'x 281 (4th Cir. 2014) ("[E]ven assuming that [the plaintiff's] claims are not covered by Title VII, the [CSRA] provides the exclusive remedy for personnel claims arising out of federal employment."); *see also Nguyen v. U.S. Dep't of Def.*, 39 F.3d 1178 (4th Cir. 1994) ("A plaintiff may not avoid the CSRA by cloaking his lawsuit in the guise of an FTCA action."); *Mahtesian v. Lee*, 406 F.3d 1131, 1134 (9th Cir. 2005) ("If the conduct that [the plaintiff] challenge[s] in this action falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are his only remedy, and the federal courts cannot resolve Appellants' claims under . . . the FTCA.").

Here, Plaintiff asserts three claims arising from his federal employment and invoking the CSRA: his claim specifically under the CSRA, 5 U.S.C. § 4303(b)(1)(A),[8] and his two common law tort claims arising from actions taken against him during his federal employment (*i.e.*, a disciplinary form provided to Human Resources and a denial of specific employment-related benefits).

With regarding to his claim under 5 U.S.C. § 4303(b)(1)(A), Chapter 43 of the CSRA "define[s] the rights of federal employees and applicants with respect to personnel actions." *Blaney v. Gonzalez*, No. CV JKB-19-2264, 2021 WL 1381096, at *4 (D. Md. Apr. 12, 2021), *aff'd,* No. 21-1595, 2024 WL 1505485 (4th Cir. Apr. 8, 2024).  It states that "[a]n employee whose reduction in grade or removal is proposed . . . is entitled to," *inter alia*, "30 days' advance written

---

[8] Plaintiff asserts in his surreply that the MSPB process is limited to claims of "political bias" or "marital status," which essentially concedes he is a probationary employee not entitled to the rights identifies in 5 U.S.C. § 4303(b)(1)(A).  (ECF No. 18-1 at p. 4.)

notice of the proposed action which identifies—(i) specific instances of unacceptable performance by the employee on which the proposed action is based; and (ii) the critical elements of the employee's position involved in each instance of unacceptable performance."   5 U.S.C. § 4303(b)(1)(A).  The statute does not apply to "the reduction in grade or removal of an employee in the competitive service who is serving a probationary or trial period under an initial appointment or who has not completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less."  *Id.* § 4303(f)(2).  On the distinction between probationary and non-probationary employees, the Fourth Circuit has explained:

> Congress has provided for a probationary period since it created the modern civil-service system with the 1883 Pendleton Act, 22 Stat. 403, ch. 27 (amended 1978). *See* 22 Stat. 404, ch. 27, § 2(4); *see also Kato v. Ishihara,* 360 F.3d 106, 113 (2d Cir. 2004); *INS v. FLRA,* 709 F.2d 724, 725 n.1 (D.C. Cir. 1983). Congress's continuing belief in the importance of a probationary period was reflected in the passage of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. §§ 7101–7135, which both preserved the probationary period for new employees and expanded it to cover new appointments to managerial and supervisory positions. *Compare* 5 U.S.C. § 3321 (1976) (authorizing the creation of a "period of probation before an appointment in the competitive service becomes absolute"), *with* 5 U.S.C. § 3321(a) (1982) (authorizing the creation of a probationary period for both new employees and appointments to managerial and supervisory positions).
>
> As the term "probationary" implies, employees so designated are on probation and subject to summary dismissal. They are, of course, just as entitled to be free of illegal or discriminatory treatment from their employers as are non-probationary employees, and thus NTEU is correct in arguing that its proposal "is not designed to provide any substantive legal protections to probationary employees that do not already exist."
>
> This does not mean, however, that Congress intended for the same *remedies* to be available to probationary and non-probationary employees. *See NTEU v. FLRA (NTEU II),* 848 F.2d 1273, 1276 (D.C. Cir. 1988). This is reflected in the numerous ways that the law treats probationary and non-probationary employees differently. For

20

> example, probationary employees are explicitly excluded from the protections against demotion or removal for unacceptable performance under 5 U.S.C. § 4303. *See* 5 U.S.C. § 4303(f)(2). These protections include written notice thirty days in advance of the adverse employment action, representation "by an attorney or other representative," and a final written decision. *Id.* § 4303(b)(1). Probationary employees are not afforded the full rights that non-probationary employees have to appeal a removal or demotion for unacceptable performance to the MSPB. *See id.* § 4303(e).

*Nat'l Treasury Emps. Union v. Fed. Lab. Rels. Auth.*, 737 F.3d 273, 276–77 (4th Cir. 2013) (record citations omitted).

With regard to his two tort claims seemingly brought pursuant to the FTCA, his claims are premised on employment decisions by Defendants and arise from his federal employment. Thus, the claims are preempted by the CSRA. *See McManus*, 2023 WL 3127630, at *3, *supra*; *Eastridge*, 2019 WL 2124895, at *2, *supra*. Accordingly, all of his claims, either by express language or by operation of preemption, are subject to the "'integrated scheme of administrative and judicial review' for adverse employment actions." *See Strickland*, 32 F.4th at 374, *supra*.

As an initial matter, Plaintiff does not allege that he filed any sort of administrative complaint or appeal. (ECF No. 1 at p. 6.) In response to Defendants' arguments that he failed to exhaust his claims, Plaintiff asserts in his surreply that he "filed a [MSPB] claim," but provides no information about the content of that claim or whether there has been a final agency determination. (ECF No. 18-1 at p. 3.) The MSPB website shows no record of decision as to any purported claim filed by Plaintiff.[9] As such, there is no allegation, or even a response, that would allow this court

---

[9] "'[O]n a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Specifically, the court may take judicial notice of publicly available information on state and federal government websites without converting the motion to one for summary judgment. *See United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on the state and federal government websites.").

to infer, at a minimum, that Plaintiff is even entitled to judicial review.  *See Zachariasiewicz*, 48 F.4th at 242, *supra*.

It bears noting that Plaintiff states repeatedly in his Complaint that Defendants' rationale for his termination was to "cover up" Defendant Hoffmann's purportedly illegal actions with respect to Dr. Chiu's incident and leave; his allegations of disability discrimination related to those actions, at least as presented to this court, are tenuous at best.  (ECF No. 1 at p. 6.)  Thus, to the extent that Plaintiff's purported MSPB claim did not concern disability discrimination, the court lacks jurisdiction over such claim.  *See Zachariasiewicz*, 48 F.4th at 242, *supra*; *Fleming v. Spencer*, 718 F. App'x 185, 186 (4th Cir. 2018) ("For major personnel actions, such as termination, an employee is entitled to appeal the agency's decision directly to the [MSPB].  If the employee does not prevail before the MSPB, she may seek judicial review in the Federal Circuit.") (citing 5 U.S.C. § 7513(d) and 5 U.S.C. § 7703); *Rydie v. Biden*, No. 21-2359, 2022 WL 1153249, at *1, *8 (4th Cir. Apr. 19, 2022) ("Congress stripped the courts of jurisdiction to hear certain actions involving federal employment."); *McManus v. U.S. Immigr. & Customs Enf't*, No. 122CV00345MSNIDD, 2023 WL 3127630, at *3 (E.D. Va. Apr. 27, 2023)  ("The Court also finds subject matter lacking because the [CSRA] precludes [the plaintiff's] FTCA claim."); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 11–12 (2012) ("Given the painstaking detail with which the CSRA sets out the method for covered employees to obtain review of adverse employment actions, it is fairly discernible that Congress intended to deny such employees an additional avenue of review in district court.").

Even allowing that Plaintiff's purported MSPB claim or appeal may have been a "mixed case" involving allegations of disability discrimination – and could thus ultimately be reviewed by this court, *see Zachariasiewicz*, 48 F.4th at 243 – he fails to state a claim.  As explained above,

Plaintiff has made no reference to any administrative claim or appeal brought pursuant to the CSRA—which is to say he has not identified any decision (of the MSPB or other body) of which he seeks judicial review. *See* 5 U.S.C. § 7703(a)(1) ("Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."). He otherwise fails to address Defendants' argument other than a cursory reference to filing an MSPB claim, which, in any event, according to MSPB's public website, has not been finally adjudicated. Plaintiff does not so much as allege that his purported MSPB claim relates to the allegations set forth in his Complaint. Without allegations providing any basis on which to conclude an appeal was taken per the CSRA, Plaintiff fails to allege facts sufficient to create a plausible claim for relief as to Counts IV, V, and VII. *See Iqbal*, 556 U.S. at 678, and *Rydie*, 2022 WL 1153249, at *1, *supra*. Accordingly, Counts IV, V, and VII will be dismissed.[10]

---

[10] Notably, even if the court concluded that Plaintiff's tort claims were subject to the FTCA, and not the CSRA, the court would not have jurisdiction over the claims. Pursuant to the Westfall Act, 28 U.S.C. § 2679, the United States would be substituted as Defendant, and Plaintiff has not met his burden to show that he complied with the jurisdictional prerequisite. *See Nacke v. United States*, 783 F. App'x 277, 279–80 (4th Cir. 2019) ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." (quoting *Osborn v. Haley*, 549 U.S. 225, 230 (2007)); 28 U.S.C. § 2679(d)(2); *Head v. Rakowski*, 695 F. Supp. 3d 663 (D. Md. 2023) ("[T]he requirement of filing an administrative claim is jurisdictional and may not be waived.") (quoting *Kokotis v. U.S. Postal Serv.*, 223 F. 3d 275, 278 (4th Cir. 2000)); *Lewis v. United States*, No. CV DKC 22-2899, 2024 WL 895112, at *2 (D. Md. Feb. 29, 2024) ("[T]he FTCA works as a limited waiver of sovereign immunity, and claims for negligent and intentional infliction of emotional distress against a federal agency can only be pursued via the FTCA." (citing *Wilson v. U.S. Dep't of Transp.*, 759 F.Supp.2d 55, 64 (D.D.C. 2011)). And, further, at least with respect to Plaintiff's defamation claim, there is no waiver of sovereign immunity under the FTCA. 28 U.S.C. § 2680(h); *Khatami v. Compton*, 844 F. Supp. 2d 654, 664 (D. Md. 2012) ("As the terms libel and slander suggest, § 2680(h) also bars defamation claims.").

**IV.     CONCLUSION**

For the reasons set forth herein, by separate order, Plaintiff's Motion (ECF No. 18) and Defendants' Motion (ECF No. 12), construed as motion to dismiss, shall be granted.


Date: July 17, 2024                                          /s/ _____
                                                            Julie R. Rubin
                                                            United States District Judge